**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Eric Menefee, | ) | CASE NO. 1:06 CV 813 |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the motion is denied.

**Facts**

Petitioner, Eric Menefee, was named in a superseding indictment. Count One charged him, along with others, in connection with a conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (crack). Count Seven also charged petitioner with using a communication facility to facilitate a drug trafficking offense.

On February 18, 2005, petitioner entered a plea of guilty to the conspiracy charged in Count One. On May 11, 2005, petitioner was sentenced to 92 months imprisonment, followed

1

by three years of supervised release. He was ordered to pay a $100.00 special assessment. The remaining count was dismissed.

Petitioner filed a *pro se* notice of appeal of his sentence on July 18, 2005. On March 14, 2006, the Sixth Circuit dismissed the appeal as untimely.

This matter is before the Court upon petitioner's Motion to Correct and Set Aside Sentence Under 28 U.S.C. § 2255.

### Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

### Discussion

The Petition sets forth three grounds for relief: petitioner was denied effective assistance of counsel; petitioner's guilty plea was not made voluntarily, intelligently, or knowingly; and the government breached the Plea Agreement.

**(1) ineffective assistance of counsel**

"Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674

2

(1984), a defendant must satisfy a two-prong test to prove the existence of ineffective assistance of counsel: 1) the defendant must demonstrate that counsel's performance was deficient; and 2) the defendant must demonstrate that his counsel's performance prejudiced his cause." *U.S. v. Beasley*, 73 Fed.Appx. 119 (6th Cir. 2003).

Petitioner asserts that his counsel was deficient because he failed to thoroughly investigate the facts of the case before coercing petitioner to plead guilty.

Petitioner agreed to cooperate with local police after his arrest on a drug charge. At one point, he arranged for a drug dealer to "front" him drugs. Because the police never gave him the money to pay for the fronted drugs, petitioner began to receive threats from the dealer concerning the debt. Petitioner became involved with the co-conspirators in an attempt to earn money to repay the debt. At this point, the federal government intercepted drug-related communications upon which the superceding indictment was based.

Petitioner contends that his attorney should have interviewed law enforcement officers at an early stage in the case in order to ascertain petitioner's true involvement. Respondent submits the affidavit of petitioner's lawyer, Gregory Robey, who avers that he properly investigated all facts material to the defense, including reviewing all documents and audiotapes provided in discovery and interviewing all witnesses. He filed a notice of defense based upon public authority. After lengthy discussions with the government's lawyer and research into the public authority defense, counsel concluded that this defense would not be successful at trial. After conferring, petitioner agreed. (Gregory Robey aff.)

Petitioner now asserts that he did not agree that the defense based on public authority would be unsuccessful, but that he relied on his attorney. Petitioner also complains that attorney

3

Robey's affidavit fails to detail the facts that were actually investigated. These assertions, however, are insufficient to satisfy either prong of the *Strickland* test.

Petitioner also asserts that his attorney coerced the plea. He states that he did not want to plead guilty and he "was only doing what he had to do to stay alive after being placed in a life-threatening position by the authorities' failure to provide the buy money." (Doc. 1 at 10). Petitioner's Plea Agreement, however, states that petitioner "acknowledges that his offer to plead guilty is freely and voluntarily made..." (Plea Agreement at 11) Petitioner also acknowledged that he was "fully satisfied with the legal counsel and assistance provided by his attorney." (*Id.* at 12) While petitioner now asserts that because of his relative inexperience, he was "at a loss of what to say or do," this is not sufficient to demonstrate that counsel coerced the plea.

Finally, petitioner asserts that counsel was deficient in failing to file a timely notice of appeal, even after petitioner had requested counsel to do so. Again, petitioner's assertion is not persuasive.

The Plea Agreement states that petitioner agreed to waive his right to appeal his conviction and sentence except in narrow circumstances. (Plea Agreement at 8-9). Moreover, petitioner's attorney avers, "On May 11, 2005, immediately after the sentencing hearing, counsel advised [petitioner] of his limited appellate rights and his opinion advising against any appeal. Thereafter, [petitioner] communicated to counsel that he did not desire a notice of appeal filed. As such, counsel did not file a timely notice of appeal." (Robey aff. ¶¶ 12, 13). Plaintiff submits his own affidavit averring that following sentencing he "then asked Mr. Robey to file an appeal of the sentence. Mr. Robey said that he would not. Mr. Robey told me to contact the public defenders office and ask them to file the notice of appeal and any other

4

required paperwork.  I followed his advice and wrote the public defender.  By the time the public defender responded, the period for filing a timely notice of appeal had expired." (Petitioner aff.)

A lawyer who fails to file an appeal when specifically instructed to do so acts in a professionally unreasonable manner. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).  Nonetheless, accepting as true petitioner's averments, the affidavit does not state that petitioner specifically instructed Mr. Robey to file an appeal and that he failed to follow the express instructions with respect to the appeal. Thus, petitioner does not state a claim that counsel performed in a professionally unreasonable manner. *See Regalado v. United States,* 334 F.3d 520 (6th Cir. 2003).  Rather, petitioner avers that when he told his attorney to file the appeal, the attorney told him to contact the public defenders office and ask them to file the notice of appeal.  Petitioner did so but ultimately the appeal was untimely.

For these reasons, the Court agrees with respondent that petitioner's claim of ineffective assistance of counsel fails.

**(2) the voluntary nature of the plea**

Petitioner asserts that his guilty plea was not made voluntarily, intelligently, or knowingly.  Petitioner contends that he proffered valuable and accurate information to the government in response to its agreement to move for a downward departure based on the usefulness of the proffered information.  Petitioner contends that the government then indicated that his information was not useful, and he entered into plea negotiations with the belief that the government could not use his information.  Subsequent to the plea, he asserts that the government decided to use his information and he was offered no consideration or post-sentence reduction.

5

Respondent points out, however, that the Plea Agreement states,

In the event the defendant fully cooperates with the government, as set forth herein, the government could move the court pursuant to section 5K1.1 of the United States Sentencing Guidelines and Title 18, §3553(e), United States Code, to reduce the defendant's offense level up to a total of six (6) offense levels to credit defendant for substantial assistance.

(Plea Agreement at 6) Petitioner does not dispute that the government moved for a six-level reduction at sentencing, that this Court commented that it had never seen such a request and the prosecutor indicated that it is the highest that his office requests. (Doc. 5 at 11) Thus, petitioner does not show that he could have negotiated a more favorable deal.

**(3) breach**

Petitioner argues that the government breached the Plea Agreement by using petitioner's information after informing him it was not useful and netting a plea agreement on this basis. For the reasons stated above, however, petitioner cannot show that respondent breached the Plea Agreement by moving for a six-level reduction for substantial assistance contemplated in that agreement.

For these reasons, petitioner's motion is denied. Furthermore, as discussed below, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/11/06